2014 WL 5465173
Only the Westlaw citation is currently available.
United States District Court,
E.D. Wisconsin.

Marjorie TYLKE, individually and on behalf of all others similarly situated, Plaintiff,
v.
DIVERSIFIED ADJUSTMENT SERVICE, INC., Defendant.

No. 14–CV–748.　|　Signed Oct. 28, 2014.

**Attorneys and Law Firms**

Shpetim Ademi, John D. Blythin, Ademi & O'Reilly LLP, Cudahy, WI, for Plaintiff.

David J. Hanus, Hinshaw & Culbertson LLP, Milwaukee, WI, for Defendant.

## DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

NANCY JOSEPH, United States Magistrate Judge.

**\*1** Marjorie Tylke ("Tylke") filed a class action complaint on behalf of herself and all other similarly situated plaintiffs against Diversified Adjustment Service, Inc. ("Diversified"). (Docket # 1.) Tylke alleges that Diversified violated both the Fair Debt Collection Practices Act ("FDCPA") and the Wisconsin Consumer Act ("WCA"). Before me is Diversified's motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons that follow, the defendant's motion to dismiss will be denied.

## BACKGROUND

Marjorie Tylke is an individual who resides in the Eastern District of Wisconsin. (Compl., Docket # 1 at ¶ 3.) Diversified is engaged in the business of a collection agency, using mail and telephone to collect consumer debts originally owned by others. (*Id.* at ¶ 7.) Tylke entered into consumer transaction with Verizon Wireless ("Verizon") for cellular telephone service. (*Id.* at ¶ 8.) She alleges that this agreement constituted a "consumer credit transaction" under the WCA. (*Id.* At ¶ 14.) On or about March 4, 2014, Diversified mailed a debt collection letter, or a dunning letter, regarding an alleged debt owed to Verizon. (*Id.* at ¶ 9.) Near the top of the letter, it states the following: "The above balance due includes a Verizon Wireless Collection Fee of $0.00."(*Id.* at ¶ 12; Exh. A, Docket # 1–1.) Tylke alleges that this language threatens to collect a fee; even though the "collection fee" is $0.00, she alleges that "the letter implies that there could be a collection fee added to the debt in a future letter."(*Id.* at ¶ 13.)

## DISCUSSION

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) challenges the sufficiency of the complaint on the basis that the plaintiff has failed to state a claim upon which relief can be granted. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."Fed.R.Civ.P. 8(a)(2). The Supreme Court has interpreted this language to require that the plaintiff plead "enough facts to state a claim to relief that is plausible on its face."*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In *Ashcroft v. Iqbal,* the Supreme Court elaborated further on the pleadings standard, explaining that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," though this "standard is not akin to a 'probability requirement.' " 556 U.S. 662, 678 (2009). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citation omitted).

When determining the sufficiency of a complaint, the court should engage in a two-part analysis. *See McCauley v. City of Chicago,* 671 F.3d 611, 616 (7th Cir.2011). First, the court must "accept the well-pleaded facts in the complaint as true" while separating out "legal conclusions and conclusory allegations merely reciting the elements of the claim."*Id.* (citing *Iqbal,* 556 U.S. at 680). Next, "[a]fter excising the allegations not entitled to the presumption [of truth], [the court must] determine whether the remaining factual allegations 'plausibly suggest an entitlement to relief.' " *Id.* (citing *Iqbal,* 556 U.S. at 681). As explained in *Iqbal,* "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. at 679.

### 1. The FDCPA

WestlawNext © 2015 Thomson Reuters. No claim to original U.S. Government Works.

*2 In deciding claims under the FDCPA, the Seventh Circuit uses the "unsophisticated consumer" standard. As explained in *Lox v. CDA, Ltd.,* "[t]he unsophisticated consumer may be 'uninformed, naive, [and] trusting,' but is not a dimwit, has 'rudimentary knowledge of the financial world,' and 'is capable of making basic logical deductions and inferences.' " 689 F.3d 818, 822 (7th Cir.2012) (internal citations omitted). The Seventh Circuit has explained that, "[a]s a general matter, we view the confusing nature of a ... letter as a question of fact." *Zemeckis v. Global Credit & Collection Corp.,* 679 F.3d 632, 636 (7th Cir.2012) (internal citation omitted); *see also McMillan v. Collection Professional Inc.,* 455 F.3d 754, 758–60 (7th Cir.2006) (explaining that inquires under §§ 1692g, 1692ge, and 1692f "are necessarily fact-bound."). However, a plaintiff's "bizarre, peculiar, or idiosyncratic interpretation of a collection letter" is not sufficient.*McMillan,* 455 F.3d at 758. There are "three distinct categories" of cases alleging that a collection letter is confusing. *Ruth v. Triumph Partnerships,* 577 F.3d 790, 800 (7th Cir.2009). The first is "cases involving statements that plainly, on their face, are not misleading or deceptive." *Id.* The second category is those cases involving "statements that are not plainly misleading or deceptive but might possibly mislead or deceive the unsophisticated consumer." *Id.* In such cases, "plaintiffs may prevail only by producing extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive." *Id* . Finally, there are those statements that "are clearly misleading on their face," and the plaintiff need not present any extrinsic evidence to prevail (and as such, would have a summary judgment motion decided in their favor).*Id.*

The Seventh Circuit has cautioned that "district judges are not good proxies for the 'unsophisticated consumer' whose interest the statute protects."*McMillan,* 455 F.3d at 759 (quoting *Walker v. National Recovery, Inc.,* 200 F.3d 500, 501–043 (7th Cir.1999))."Recognizing the distinction between what may confuse a federal judge and unsophisticated consumer is important because the intended recipients of dunning letters span the entire range of abilities."*McMahon v. LVNV Funding,* 744 F.3d 1010, 1020 (7th Cir.2014). In sum, judges should "tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion...."*McMillan,* 455 F.3d at 759 (internal citation omitted).

In this case, Diversified argues that the statement falls into the first category of cases-that not even an unsophisticated consumer would believe that the statement, "The above balance due includes a Verizon Wireless Collection Fee of $0.00," means that a collection fee can or will be assessed. Tylke argues that the complaint states a claim, and that her allegation that the statement regarding the "collection fee" should be allowed to go forward so that she can gather extrinsic evidence.

*3 To begin, the statement does not fall into the third category. Neither party argues, and I do not find, that the statement is "plainly deceptive and misleading." *See, e.g., Chuway v. National Action Financial Services, Inc.,* 362 F.3d 944 (7th Cir.2004) (finding that the plaintiff was not required to provide extrinsic evidence because the court found the dunning letter in question facially confusing where the letter stated a balance and asked the consumer to remit payment but then also indicated that the consumer should call for her most current balance). The question is therefore whether the statement falls into the first category as Diversified alleges or into the second category as Tylke alleges. That is, the inquiry is whether "it is 'apparent from a reading of the letter that not even a significant fraction of the population would be misled by it' " or if the statement "might possibly mislead or deceive the unsophisticated consumer." *Zemeckis,* 679 F.3d at 636 (quoting *Taylor v. Calvary Inv., LLC,* 365 F.3d 572, 574 (7th Cir.2004)). I find that the statement falls into the second category. There are several possible ways the statement could be interpreted. For example, it is possible that, as the defendant suggests, an "unsophisticated consumer" might understand the statement to be explaining that no part of the debt is a "collection fee" even though the Verizon agreement allows for one. On the other hand, it is also possible that an "unsophisticated consumer" would interpret the statement to mean that there is no "collection fee" now but that one could be assessed later on. In other words, the inclusion of a collection fee, even one showing a balance of zero, could imply the future possibility of one. Such a reading is neither bizarre nor idiosyncratic. Accordingly, it falls in the second category of cases involving "statements that are not plainly misleading or deceptive but might possibly mislead or deceive the unsophisticated consumer." *Ruth,* 577 F.3d at 800. "In any but the clearest case," it "is open to the plaintiff ... to present objective evidence of confusion [such as] the results of a consumer survey." *Taylor,* 365 F.3d at 575. Consequently, dismissal at this juncture is not warranted.

### 2. The WCA

In assessing claims under the WCA, the goals and protections of the WCA must be "liberally construed and applied." Wis. Stat. § 421.102(1)."[I]nterpretations of the Wisconsin

Consumer Act" are to be coordinated " 'with the policies of the federal consumer credit protection act," specifically the FDCPA. *Brunton v. Nuvell Credit Corp.,* 325 Wis.2d 135, 314 n. 12, 785 N.W.2d 302, 314 n. 12 (2010).

Whether or not the WCA can be violated is dependent upon whether the Verizon agreement constitutes a "consumer credit transaction." That is, in order for the addition of a collection fee to be impermissible under Wis. Stat. § 422.202, the agreement must constitute a "consumer credit transaction," as defined in Wis. Stat. § 421.301(10). However, I need not decide that issue at this juncture; the defendant agrees that deciding that issue should be reserved for summary judgment rather than a motion to dismiss. (Br. in Support of Mtn. to Dismiss, Docket # 13 at 2; *see also*

Reply Br., Docket # 15 at 1–2.) The sections under which Tylke brings claims, Wis. Stat. §§ 427.1044(1)(j) and (1)(L), prohibit debt collectors from "[c]laim[ing], or attempt[ing] or threaten[ing] to enforce a right with knowledge or reason to know the right does not exist" and "[t]hreaten[ing] action against the customer unless like action is taken in regular course or is intended with respect to the particular debt," respectively. If the agreement is a consumer transaction, it is plausible that the letter violated the above sections of the WCA. Therefore, Tylke's claims under the WCA will not be dismissed.

**\*4 NOW, THEREFORE, IT IS ORDERED** that the defendant's Motion to Dismiss (Docket # 12) is **DENIED.**

---

**End of Document**  © 2015 Thomson Reuters. No claim to original U.S. Government Works.