# EXHIBIT J

LEXSEE

Cited
As of: Jan 16, 2015

**CRAIG T. GULLAKSEN, et al., Plaintiffs, v. UNITED AIR LINES, et al., Defendants.**

**Case No. 1:13-cv-1235 (RJL)**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

**2014 U.S. Dist. LEXIS 131213; 200 L.R.R.M. 3695**

**September 17, 2014, Decided**
**September 17, 2014, Filed**

**CASE SUMMARY:**

**OVERVIEW:** HOLDINGS: [1]-Where pilots alleged that a union breached its duty of fair representation when the union did not contest a vacancy bid through the grievance procedure, their claim failed because their conclusory allegations that the union colluded with the airline were not sufficient to state a claim, and it was rational to conclude, based on the contract provisions, that the airline's issuance of the vacancy bid was consistent with the joint collective bargaining agreement terms to which all parties had agreed; [2]-The court lacked subject matter jurisdiction over the pilots' breach of contract claim against the airline because their claim was a "minor dispute" under the Railway Labor Act that would ordinarily be subject to arbitration, and their jurisdiction argument rested directly on the premise that the union breached its duty of fair representation, which it did not do.

**OUTCOME:** Defendants' motions to dismiss granted.

**CORE TERMS:** vacancy, pilot, bid, grievance, duty of fair representation, legacy, seniority, merger, breached, airline, arbitration, integrated, implemented, quotation marks omitted, breach of contract, prosecute, good faith, bad faith, discriminatory, contest, hybrid', collective bargaining agreements, arbitrator, matter jurisdiction, meritorious, collusion, concealed, handling, construe, bidding

**LexisNexis(R) Headnotes**

***Civil Procedure > Pleading & Practice > Defenses, Demurrers & Objections > Failures to State Claims***
[HN1]Under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Factual allegations must be enough to raise a right to relief above the speculative level.

***Civil Procedure > Pleading & Practice > Defenses, Demurrers & Objections > Failures to State Claims***
[HN2]In the context of a motion to dismiss, when analyzing a plaintiff's claims, a court must treat the complaint's factual allegations as true and grant the plaintiff the benefit of all inferences that can be derived from the facts alleged. However, the court need not accept legal conclusions cast in the form of factual allegations. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.

***Civil Procedure > Pleading & Practice > Defenses, Demurrers & Objections > Failures to State Claims***
[HN3]In ruling on a Fed. R. Civ. P. 12(b)(6) motion, a court may consider facts alleged in the complaint, documents attached to or incorporated in the complaint, matters of which courts may take judicial notice, and docu-

ments appended to a motion to dismiss whose authenticity is not disputed, if they are referred to in the complaint and integral to a claim.

***Labor & Employment Law > Collective Bargaining & Labor Relations > Fair Representation***
***Labor & Employment Law > Collective Bargaining & Labor Relations > Judicial Review***

[HN4]A certified collective bargaining agent owes a duty of fair representation, or "DFR," to its members. It is under a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct. A court's substantive examination of a union's performance is highly deferential.

***Labor & Employment Law > Collective Bargaining & Labor Relations > Fair Representation***
***Labor & Employment Law > Collective Bargaining & Labor Relations > Unfair Labor Practices > Breach of Duty of Fair Representation***

[HN5]Plaintiffs alleging a breach of the duty of fair representation have a high bar to meet. A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith. A union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational. A union's conduct is described as arbitrary only when it is irrational, when it is without a rational basis or explanation. Bad faith and discrimination are no easier to establish. The bad faith standard is "demanding" and requires a showing of fraud, or deceitful or dishonest action. Discriminatory conduct must be "invidious" to breach the duty of fair representation.

***Labor & Employment Law > Collective Bargaining & Labor Relations > Unfair Labor Practices > Breach of Duty of Fair Representation***

[HN6]To state a claim for breach of the duty of fair representation, plaintiffs must show that the alleged breach caused them injury. Liability for a labor union's deceptive conduct in breach of the fiduciary duty of fair representation arises only if the breach directly causes damage to an individual or group to whom the duty is owed.

***Labor & Employment Law > Collective Bargaining & Labor Relations > Unfair Labor Practices > Breach of Duty of Fair Representation***
***Labor & Employment Law > Collective Bargaining & Labor Relations > Fair Representation***

[HN7]Although a union may not arbitrarily ignore a meritorious grievance or process it in a perfunctory fashion, a union may exercise its discretion to pursue only those grievances it deems meritorious without breaching its duty.

***Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview***
***Evidence > Procedural Considerations > Burdens of Proof > Allocation***

[HN8]When challenged, plaintiffs bear the burden of establishing the court's subject matter jurisdiction to hear the case.

***Labor & Employment Law > Collective Bargaining & Labor Relations > Unfair Labor Practices > Breach of Duty of Fair Representation***
***Labor & Employment Law > Collective Bargaining & Labor Relations > Unfair Labor Practices***
***Labor & Employment Law > Collective Bargaining & Labor Relations > Judicial Review***
***Labor & Employment Law > Collective Bargaining & Labor Relations > Arbitration > Enforcement***

[HN9]The court may hear a breach of contract case against an employer that otherwise must be submitted to arbitration if it is presented as a "hybrid" action--that is, plaintiffs successfully allege "inextricably interdependent" claims of breach of contract by the company and breach of the duty of fair representation by the union.

**COUNSEL:** [*1] For CRAIG T. GULLAKSEN, individually and on behalf of all others similarly situated, THOMAS M. DOLAN, individually and on behalf of all others similarly situated, LYNN D. JOHNSON, individually and on behalf of all others similarly situated, Plaintiffs: Curtis S. Renner, Thomas Carl Watson, LEAD ATTORNEYS, WATSON & RENNER, Washington, DC; Lauren C. Lakin Boucher, LEAD ATTORNEY, Bouler, CO; Allen Patrick Press, PRO HAC VICE, GREEN JACOBSON, Clayton, MO.

For UNITED AIR LINES, INC., Defendant: Rachel S. Janger, LEAD ATTORNEY, Aparna B. Joshi, PRO HAC VICE, O'MELVENY & MYERS LLP, Washington, DC; Michael G. McGuinness, PRO HAC VICE, O'MELVENY & MYERS LLP, Los Angeles, CA; Robert A. Siegel, PRO HAC VICE, O'MELVENY & MYERS, LLP, Los Angeles, CA.

For AIR LINE PILOTS ASSOCIATION INTERNATIONAL, Defendant: Jonathan Asher Cohen, LEAD ATTORNEY, AIR LINE PILOTS ASSOCIATION, INTERNATIONAL, Legal Department, Washington, DC; Marcus Charles Migliore, LEAD ATTORNEY, AIR LINE PILOTS ASSOCIATION, Washington, DC; Michael E Abram, LEAD ATTORNEY, Michael L. Winston, PRO HAC VICE, COHEN, WEISS AND SIMON, LLP, New York, NY.

**JUDGES:** RICHARD J. LEON, United States District Judge.

**OPINION BY:** RICHARD J. LEON

**OPINION**

**MEMORANDUM OPINION**

[Dkt. ##22, [*2] 23]

Plaintiffs Craig T. Gullaksen, Lynn D. Johnson, and Thomas M. Dolan bring this suit against United Air Lines, Inc. ("United") and the Air Line Pilots Association International ("ALPA").[1] *See generally* Class Action Compl. ("Compl.") [Dkt. #1]. United and ALPA move to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. Def. United Airlines, Inc.'s Mot. to Dismiss Count I of Pls.' Compl. Under Rule 12(b)(1) of the Fed. R. of Civ. P. ("United Mot.") [Dkt. #23]; Mot. to Dismiss of Def. Air Line Pilots Ass'n, Int'l ("ALPA Mot.") [Dkt. #22]. After review of the motions, the applicable law, and the record herein, defendants' motions are GRANTED and the Complaint is DISMISSED.

1 Plaintiffs sue individually and on behalf of a proposed class of all pilots who currently fly for United and who also flew for United prior to its merger with Continental Airlines ("Continental"). Compl. ¶ 9.

**BACKGROUND**

United Air Lines, Inc. merged with Continental Airlines on October 1, 2010. Compl. ¶ 8. United is the surviving entity. *Id.* Despite the closing of the corporate merger in 2010, a number of implementation issues remained to be worked out, including labor issues. Both the pilots who flew for the pre-merger United ("legacy United") and the pilots who flew for the [*3] pre-merger Continental ("legacy Continental") were, and continued to be, represented by ALPA. *Id.* ¶ 10. Prior to the merger, separate collective bargaining agreements governed each set of pilots' relationship with its respective airline. *Id.* More importantly, each airline also had its own pilot seniority list, which plays a determinative role when the company seeks to fill position vacancies. *See id.* ¶¶ 17, 31.

Before the merger closed, the legacy United and legacy Continental pilots, each represented by ALPA, entered a joint agreement with their airlines to govern the transition, called the Transition and Process Agreement ("TPA"). *See* Decl. of John G. Schleder ("Schleder Decl."), Ex. A [Dkt. #22-2]. The TPA specified that "Continental and United will keep their flight operations separate until the Operational Merger Date," *id.* at 6, which was defined as "the first day of the Complete Operational Merger," *id.* at 3. The TPA indicated that a "Complete Operational Merger" would not occur until, among other requirements, the seniority lists were integrated. *Id.* at 2. That is to say, the TPA directed the former United and the former Continental to keep flight operations separate until their seniority lists were [*4] integrated.

ALPA has a "Merger Policy" directing representatives of merging airlines' pilots how to construct a fair integrated seniority list. Compl. ¶ 33. The Merger Policy requires submission to binding arbitration in the event an agreement cannot be reached. *Id.* ¶ 34. The legacy United and legacy Continental pilots were unable to reach an agreement on an integrated seniority list on their own and submitted their dispute to arbitration, *id.,* which was not completed until after the filing of the Complaint, *id.* ¶ 35; Pls.' Combined Mem. in Opp'n to Defs.' Mots. to Dismiss at 3 ("Pls.' Opp'n") [Dkt. #25].

Another step necessary to implement the merger was the development of a new collective bargaining agreement to cover all pilots of the now-merged United. Compl. ¶ 11. ALPA established two committees--one of legacy United pilots and one of legacy Continental pilots--and reached a joint collective bargaining agreement ("JCBA") with United effective January 1, 2013. *Id.* ¶¶ 11-12. The JCBA includes a provision that it is the "sole and entire agreement between the parties" and cancels other agreements executed prior to the signing of the JCBA. Schleder Decl., Ex. B, JCBA § 25-B [Dkt. #22-3].

However, [*5] the CBA recognized that not all of its provisions could be effective immediately because the two airlines had not yet integrated their seniority lists. Attached to and integrated into the JCBA are a number of Letters of Understanding, including Letter of Understanding 26 ("LOA 26"), which specifically notes that "the effective date of the [JCBA] precedes the merger of the seniority lists" and that "certain aspects of flight . . . operations will need to be kept separate prior to the mer-

Case 2:14-cv-01441-RTR Filed 01/16/15 Page 4 of 8 Document 18-10

ger of the seniority lists." *See* Schleder Decl., Ex. B, LOA 26 at 471.

LOA 26 provided for a Joint Implementation Team ("JIT") to implement the JCBA and laid out an "Implementation Plan" noting a number of changes that would need to be made to integrate the two pilot workforces. LOA 26 at 474-79. The Implementation Plan addressed "Vacancies and Staffing" and directed that "[a]t SLI [(Seniority List Integration)] the JIT will develop a process to provide for combined bidding of vacancies." *Id.* at 479. LOA 26 further provided that "[u]ntil a provision is implemented, pilots will continue operating under the provisions of their previous CBAs, or as may otherwise be agreed" by United and ALPA. *Id.* at 474.

In January 2013--after the JCBA [*6] became effective but prior to seniority list integration--United issued System Vacancy Bid 14-02 ("Vacancy Bid 14-02" or "the Vacancy Bid") for 589 pilot positions. Compl. ¶ 13. Only legacy Continental pilots were allowed to bid on the positions created by Vacancy Bid 14-02. *Id.* Plaintiff Gullaksen filed a grievance regarding the fact that legacy United pilots could not bid on the positions created by Vacancy Bid 14-02 with United; the grievance was denied. *Id.* ¶¶ 23, 41. Mr. Gullaksen sought to appeal to a panel of arbitrators known as the System Board of Adjustment ("System Board"). *Id.* ¶ 23. He requested that ALPA submit his appeal, but ALPA declined. *Id.* ¶¶ 23-24, 41. The System Board did not accept Mr. Gullaksen's appeal because it was not submitted by ALPA. *Id.* ¶ 23.

Mr. Gullakesen and his co-plaintiffs claim that United breached the JCBA, *id.* ¶¶ 7-24, and ALPA breached its duty of fair representation, *id.* ¶¶ 25-45. Each defendant now moves to dismiss. United Mot.; ALPA Mot.

**ALPA CLAIM**

***Legal Standard***

ALPA moves under Federal Rule of Procedure 12(b)(6) to dismiss plaintiffs' claim that it breached its duty of fair representation. *See* ALPA Mot.; Def. Air Line Pilots Ass'n, Int'l's Mem. of P. & A. in Support of its Mot. [*7] to Dismiss ("ALPA Mem.") [Dkt. #22]. [HN1]Under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.; see also* *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . .").

[HN2]When analyzing a plaintiff's claims, a court must "treat the complaint's factual allegations as true" and "grant plaintiff the benefit of all inferences that can be derived from the facts alleged[.]" *Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111, 1113, 342 U.S. App. D.C. 268 (D.C. Cir. 2000) (internal quotation marks omitted). However, the court need not "accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Commc 'ns Corp.,* 16 F.3d 1271, 1276, 305 U.S. App. D.C. 60 (D.C. Cir. 1994). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678.

[HN3]"In ruling on a 12(b)(6) motion, a court may consider facts alleged in the complaint, documents attached to or incorporated in the complaint, matters of which courts may take judicial notice, and documents appended to a motion to [*8] dismiss whose authenticity is not disputed, if they are referred to in the complaint and integral to a claim." *Harris v. Amalgamated Transit Union Local 689,* 825 F. Supp. 2d 82, 85 (D.D.C. 2011); *see also* *Kaempe v. Myers,* 367 F.3d 958, 965, 361 U.S. App. D.C. 335 (D.C. Cir. 2004); *E.E.O.C. v. St. Francis Xavier Parochial Sch.,* 117 F.3d 621, 624, 326 U.S. App. D.C. 67 (D.C. Cir. 1997). Here, ALPA appended to its motion to dismiss, among other things: the TPA, Schleder Decl., Ex. A; selections from the JCBA, including LOA 26, Schleder Decl., Ex. B; and documents related to Mr. Gullaksen's grievance, Schleder Decl., Exs. D-I [Dkt. ##22-5-22-10]. All of these are referred to in plaintiffs' Complaint [2] and integral to their claim that ALPA breached its duty of fair representation, and therefore are properly before the Court on this motion to dismiss.

2 Plaintiffs do not refer to each of the grievance documents by name, but do refer to, and in part rest their claim on, ALPA's handling of the grievance at multiple levels. Compl. ¶¶ 38-41.

***Analysis***

[HN4]As a certified collective bargaining agent, Compl. ¶ 10, ALPA owes a duty of fair representation, or "DFR," to its members. It is under "a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Vaca v. Sipes,* 386 U.S. 171, 177, 87 S. Ct. 903, 17 L. Ed. 2d 842 (1967). A court's "substantive examination of a union's performance . . . [*9] [is] highly deferential." *Air Line Pilots Ass 'n, Int'l v. O'Neill,*

499 U.S. 65, 78, 111 S. Ct. 1127, 113 L. Ed. 2d 51 (1991).

[HN5]Plaintiffs alleging a breach of the duty of fair representation have a high bar to meet. "A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca,* 386 U.S. at 190. "[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational." *O'Neill,* 499 U.S. at 67 (internal quotation marks and citation omitted); *see also* *Marquez v. Screen Actors Guild, Inc.,* 525 U.S. 33, 46, 119 S. Ct. 292, 142 L. Ed. 2d 242 (1998) (describing a union's conduct as arbitrary only "when it is irrational, when it is without a rational basis or explanation"). Bad faith and discrimination are no easier to establish. The bad faith standard is "demanding" and "requires a showing of fraud, or deceitful or dishonest action." *Int'l Union of Elec., Elec., Salaried, Mach. & Furniture Workers, AFL-CIO v. N.L.R.B.,* 41 F.3d 1532, 1537, 309 U.S. App. D.C. 377 (D.C. Cir. 1994) (internal quotation marks omitted). Discriminatory conduct must be "invidious" to breach the duty of fair representation. *See* *O'Neill,* 499 U.S. at 81; *Aguinaga v. United Food & Commercial Workers Int'l Union,* 993 F.2d 1463, 1470 (10th Cir. 1993).

In addition, [HN6]to state a claim for breach of DFR, plaintiffs must show that the alleged breach caused them injury. *See* *Airline Pilots Ass'n, Int'l v. Dep't of Transp.,* 880 F.2d 491, 499, 279 U.S. App. D.C. 168 (D.C. Cir. 1989); *see also, e.g.,* *Deboles v. Trans World Airlines, Inc.,* 552 F.2d 1005, 1019 (3d Cir. 1977) (holding "that liability for a labor union's deceptive conduct [*10] in breach of the fiduciary duty of fair representation arises only if the breach directly causes damage to an individual or group to whom the duty is owed").

Plaintiffs argue that they "specifically plead that ALPA engaged in arbitrary and hostile discrimination against the [legacy United pilots] in order to intentionally deprive them of their contractual rights." Pls.' Opp'n at 10. In the Complaint, plaintiffs allege that ALPA breached its duty of fair representation in four respects: "[c]olluding with United," "[c]oncealing" that it would construe the CBA against its plain meaning, "[f]ailing to contest Vacancy Bid 14-02 and prosecute Gullaksen's Grievance," and "[a]llowing" legacy Continental pilots to use the new positions to support their arguments in arbitration.[3] Compl. ¶ 43. Unfortunately for plaintiffs, their claim fails at the first step--they do not plead facts sufficient to allege that ALPA's handling of Vacancy Bid 14-02 or Mr. Gullaksen's related grievance breached the duty of fair representation.

3 Plaintiffs' alleged bases for their claim of a breach read in full:

> A. Colluding with United, and thereby facilitating Vacancy Bid 14-02;
> B. Concealing from Plaintiffs and the members of the putative class, prior to their [*11] ratification of the Joint Collective Bargaining Agreement, that it would construe the Agreement in a manner that would defeat the plain meaning of its Scope, Seniority and Incorporation sections; C. Failing to contest Vacancy Bid 14-02 and prosecute Gullaksen's Grievance; and D. Allowing the legacy Continental ALPA committee to exploit the new jobs created by Vacancy Bid 14-02 as part of its seniority proposal.

Compl. ¶ 43.

As an initial matter, plaintiffs' conclusory allegations that APLA "[c]ollude[ed]" with United, thereby facilitating the Vacancy Bid at issue, and "[c]onceal[ed]" how it planned to construe the JCBA are not sufficient to state a claim under Rule 12(b)(6). *See* *Iqbal,* 556 U.S. at 678. Nowhere in the Complaint do plaintiffs plead actual facts to support an allegation of collusion between ALPA and United.[4] Nor do plaintiffs plead facts to support the allegation that ALPA concealed its interpretation of the JCBA from plaintiffs. Plaintiffs do not contend the contents of the JCBA--including LOA 26--were concealed from them. The most that the Court can infer from plaintiffs' allegations is that plaintiffs do not *agree* with ALPA's interpretation of the JCBA. Such an interpretive disagreement, however strong, does not make out [*12] an allegation that ALPA *concealed* its interpretation from plaintiffs.

4 To the extent plaintiffs argue their factual support for the collusion allegation is that ALPA did not pursue Mr. Gullaksen's grievance, they essentially repeat their "[f]ailing to contest Vacancy Bid 14-02 and prosecute Gullaksen's Grievance" allegation, which fails for the reasons discussed below.

Plaintiffs do plead, and ALPA concedes, that ALPA did not contest Vacancy Bid 14-02 through the grievance procedure or prosecute Mr. Gullaksen's particular griev-

Case 2:14-cv-01441-RTR Filed 01/16/15 Page 6 of 8 Document 18-10

ance. Compl. ¶¶ 38-41. However, ALPA's failure to file a grievance relating to Vacancy Bid 14-02 can only be the basis of a breach of the duty of fair representation claim if, drawing inferences in favor of the plaintiffs, the Court could find it to be "arbitrary, discriminatory, or in bad faith." *Vaca,* 386 U.S. at 190.

[HN7]Although "a union may not arbitrarily ignore a meritorious grievance or process it in a perfunctory fashion," *Vaca,* 386 U.S. at 191, "a union may exercise its discretion to pursue only those grievances it deems meritorious" without breaching its duty, *Slovinec v. Commc'ns Workers of Am.,* 860 F. Supp. 2d 25, 30 (D.D.C. 2012) *aff'd,* 540 Fed. Appx. 5 (D.C. Cir. 2013). Here, ALPA concluded that the relief Mr. Gullaksen was seeking "would establish a result that would be contrary to the agreements, commitments, [*13] understandings or policies" of ALPA. Schleder Decl., Ex. H (internal quotation marks omitted) (initial notice of decision not to submit appeal to System Board).

ALPA's decision not to prosecute a grievance against Vacancy Bid 14-02 was based on a good faith, reasoned interpretation of the JCBA. All parties agree that the JCBA incorporates into it LOA 26. *See* ALPA Mem. at 4; Pls.' Opp'n at 3. The plain wording of the LOA 26 acknowledges that the seniority lists had not yet been integrated, LOA 26 at 471, provides that a combined vacancy bidding process will be implemented after seniority list integration, *id.* at 479, and directs that the legacy Continental and legacy United CBAs govern those provisions that have not yet been implemented, *id.* at 474. It was rational to conclude, based on the contract provisions at issue, that United's issuance of Vacancy Bid 14-02 was consistent with the JCBA terms to which all parties had agreed.[5]

> 5 Although I do not pass judgment on whether or not United breached the JCBA, it is possible that there could be more than one rational interpretation of the contract provisions at issue.

Further, ALPA did not "ignore" or address Mr. Gullaksen's grievance "in a perfunctory fashion." [*14] *Vaca,* 386 U.S. at 191. Indeed, ALPA considered the grievance at multiple stages of review and explained its reasoning *at length* in responses it provided to Mr. Gullaksen, including the following:

> Based upon this agreement [in LOA 26], the parties clearly understand that the provisions of the previous CBAs remain applicable to the respective pilots covered under those CBAs until such time that the specific UPA provision is implemented. . . . As Section 8 of the UPA has yet to be implemented and the vacancies under the bid at issue in this matter involved Continental aircraft, as specifically delineated in the TPA, Vacancy Bid 14-02 was properly instituted under the 2005 Continental Pilots Agreement provisions related to vacancy bidding.

Schleder Decl., Ex. G.; *see also* Schleder Decl., Ex. I (Grievance Review Panel decision explaining that statements in the JCBA and LOA 26 "show that it is the intention of the parties that the agreement would not be fully implemented as of the signing date and that portions of the operation would remain separate and under the control of prior agreements"). Thus, the documents upon which plaintiffs' claims are based show that ALPA rationally and in good faith concluded that the "Vacancy Bid 14-02 [*15] was properly instituted" and Mr. Gullaken's grievance was not meritorious.[6] As such plaintiffs fail to state a claim that the ALPA breached its duty of fair representation.

> 6 The facts also do not support a claim premised on discrimination by ALPA. Acknowledging that the JCBA, at the time, allowed for a distinction between differently-situated parties--here the legacy United and the legacy Continental pilots--in no way amounts to "invidious" discrimination prohibited by the duty of fair representation. In addition, plaintiffs attempt to rest a claim for breach of the duty of fair representation on ALPA's "[a]llowing the legacy Continental ALPA committee to exploit the new jobs created by Vacancy Bid 14-02" in the arbitration proceedings to determine the final integrated seniority list. Compl. ¶ 43. However, because the ALPA rationally and in good faith determined that the Vacancy Bid was proper, the ALPA's failure to stop the legacy Continental pilot representatives from referring to the jobs resulting from that Vacancy Bid during arbitration cannot be said to be arbitrary, discriminatory, or in bad faith.

**UNITED CLAIM**

United moves to dismiss Count 1 under Federal Rule of Civil Procedure 12(b)(1) on the grounds that the Court does not have [*16] subject matter jurisdiction over plaintiffs' breach of contract claims. United Mot. [HN8]When challenged, as is the case here, plaintiffs bear the burden of establishing the court's subject matter jurisdiction to hear the case. *See* *Lewis v. Schafer,* 571 F. Supp. 2d 54, 57 (D.D.C. 2008).

Plaintiffs acknowledge that their "breach of contract claim against United is a so-called 'minor dispute' under the Railway Labor Act that would ordinarily be subject to arbitration" before the System Board. Compl. ¶ 21. Plaintiffs argue that it is appropriate to present their claim to this Court rather than submit to arbitration because arbitration would be futile. *Id.* The System Board would be composed of two arbitrators selected by United, two arbitrators selected by ALPA, and one independent arbitrator. *Id.* ¶ 22. Plaintiffs contend that "[i]t would be futile to arbitrate before such a panel, because ALPA, in breach of its duty of fair representation as alleged in Count 2, was in collusion with United in its breach of contract." *Id.* ¶ 22.

[HN9]The Court may hear a breach of contract case against an employer that otherwise must be submitted to arbitration if it is presented as a "hybrid" action--that is, plaintiffs successfully allege "inextricably interdependent" claims [*17] of breach of contract by the company and breach of the duty of fair representation by the union. *See* *DelCostello v. Int'l Broth. Of Teamsters,* 462 U.S. 151, 164-65, 103 S. Ct. 2281, 76 L. Ed. 2d 476 (1983). This means that plaintiffs' argument that the Court has jurisdiction over Count 1 rests directly on the premise that ALPA breached its duty of fair representation, which, as described above, it did not do.

In a "hybrid" case of this sort, just as Count 2 fails, so must Count 1. *See, e.g.,* *Martin v. Am. Airlines, Inc.,* 390 F.3d 601, 608 (8th Cir. 2004) ("Because we hold that TWU did not breach its duty of fair representation, we also must hold that the hybrid exception to RLA preemption does not apply to Martin's claim against AA."); *Linke v. Ass'n of Flight Attendants, AFL-CIO,* 52 F. App'x 519, 521 (D.C. Cir. 2002) ("[P]laintiff cannot establish that his case is 'hybrid' in nature because . . . he cannot establish that the AFA breached its duty of fair representation in its handling of his grievances."). Therefore, the Court does not have subject matter jurisdiction over what plaintiffs admit is a "minor dispute" under the Railway Labor Act.

**CONCLUSION**

For the foregoing reasons, the Motion to Dismiss of Defendant Air Line Pilots Association, International [Dkt. #22] and Defendant United Airlines, Inc.'s Motion to Dismiss Count I of Plaintiffs' Complaint Under Rule 12(b)(1) of the Federal Rules of Civil Procedure [Dkt. #23] are GRANTED. An appropriate order shall accompany this Memorandum Opinion. [*18]

/s/ Richard J. Leon

RICHARD J. LEON

United States District Judge

**ORDER**

For the reasons set forth in the Memorandum Opinion entered this date, it is this 17th day of September, 2014, hereby

**ORDERED** that the Motion to Dismiss of Defendant Air Line Pilots Association, International [Dkt. #22] is **GRANTED;** it is further

**ORDERED** that Defendant United Airlines, Inc.'s Motion to Dismiss Count I of Plaintiffs' Complaint Under Rule 12(b)(1) of the Federal Rules of Civil Procedure [Dkt. #23] is **GRANTED;** and it is further

**ORDERED** that the Class Action Complaint [Dkt. #1] is **DISMISSED.**

**SO ORDERED.**

/s/ Richard J. Leon

RICHARD J. LEON

United States District Judge