

| | | |
|---|---|---|
| BEIJING | 400 South Hope Street | NEW YORK |
| BRUSSELS | Los Angeles, California 90071-2899 | SAN FRANCISCO |
| CENTURY CITY | | SHANGHAI |
| HONG KONG | TELEPHONE (213) 430-6000 | SILICON VALLEY |
| JAKARTA† | FACSIMILE (213) 430-6407 | SINGAPORE |
| LONDON | www.omm.com | TOKYO |
| NEWPORT BEACH | | WASHINGTON, D.C. |

OUR FILE NUMBER
0288766

**VIA EMAIL (deearb@gmail.com)**

June 2, 2014

WRITER'S DIRECT DIAL
(213) 430-6005

Dana Edward Eischen
Arbitrator
P.O. Box 730
Spencer, NY 14883

WRITER'S E-MAIL ADDRESS
rsiegel@omm.com

Re: *Frontier Airlines' Position Regarding The Impact Of The NMB's Finding That It Is Operating As A Single Transportation System For Craft Or Class Of Pilots*

Dear Arbitrator Eischen:

      On behalf of Frontier Airlines, Inc. ("Frontier"), we write in response to your May 2, 2014 e-mail requesting the parties' positions regarding the impact of the NMB's recent rulings. In addition to the reasons set forth in Frontier's prior briefs, the NMB's rulings are another compelling reason why Frontier cannot be required to create and offer a bid process by which Republic pilots may bid for new first officer positions at Frontier based on their IMSL status.

      On December 3, 2013, Republic Airways Holdings, Inc. ("RAH") announced that it had closed on the sale of Frontier to an investment fund affiliated with Indigo Partners LLC. (*See* Joint Stip. ¶ 56, 58, Exh. 41.) On December 17, 2013, the Frontier Airline Pilots Association ("FAPA") filed a petition with the NMB, seeking a finding that Frontier is a separate transportation system, and certification as the exclusive bargaining representative of the pilot craft and class in that system. (*See id.*, ¶ 59, Exh. 42.) On March 31, 2014, the NMB found that Frontier is operating as a single transportation system (separate from the other airline certificates that are still under RAH). And on May 1, 2014, the NMB issued a notice authorizing a representation election. The NMB will announce the results of the election following a tally scheduled to occur at the NMB's offices on June 12, 2104, at 2 p.m. ET.

      According to applicable law, following such certification, you will retain authority to resolve the disputes submitted in the November 26, 2013 Arbitration Agreement with respect to the period of time in which your February 19, 2011 award ("Award") remains in effect as to Frontier. But based on their express terms, the Award and the November 3, 2009 Dispute Resolution Agreement ("DRA") ceased to be effective when Frontier was deemed a separate carrier on March 31, 2014. After that date, issues regarding pilot seniority at Frontier are within the scope of the collective bargaining relationship between Frontier and the bargaining

† In association with Tumbuan & Partners

Case 2:14-cv-01441-RTR   Filed 02/09/15   Page 1 of 3   Document 24-8

O'MELVENY & MYERS LLP

Arbitrator Dana Eischen - June 2, 2014 - Page 2

representative of the Frontier pilots, and not your jurisdiction. Any contrary assertion would raise an issue of substantive arbitrability for decision by a court.

Because Frontier is no longer an affiliate of RAH and has been deemed a separate carrier by the NMB, the DRA and the Award no longer apply to Frontier. The entire premise of the DRA and the Award is that the resulting IMSL would apply only to the RAH carriers who are part of the single transportation system. Thus, it would be contrary to both the DRA and the Award to hold that pilots at Republic can use their IMSL status to bid to a carrier that is no longer part of the RAH single transportation system, but has been divested and has a new owner, completely unrelated to RAH.

Indeed, the DRA, by its express terms, confirms that the Award only applies to pilots at the carriers who are part of the RAH single transportation system. For example, Section V.(g) states:

> The award of the arbitrator shall be stated in writing and shall be final and binding on the parties to this Agreement and *on the pilots employed by RAH and its affiliates*. The award shall include the date on which the seniority integration will become effective, *which date shall not be before the NMB issues its ruling on whether the RAH affiliates comprise a single transportation system and certifies the Organization, if any, that is the duly designated representative of the pilot craft or class on that transportation system*. (Emphasis added.)

Section V.(h) states:

> The Organization, if any designated by the NMB as the duly designated representative *of the combined craft or class of Flight Deck Crew Members for the single transportation system* shall continue the Merger Committees in existence and delegate to the Merger Committees authority solely for the purpose of adjusting any dispute or disputes that might arise as to the interpretation or application of the award, including authority to compromise such disputes, and to initiate, defend, mediate, and litigate such issues in the dispute resolution mechanism under this Agreement. (Emphasis added.)

And Section V.(j) states:

> The award of the arbitration issued under either Section V(g) or V(i) shall be considered as a part of the collective bargaining agreement(s) *applicable to the combined craft or class of Flight Deck Crew Members for the single transportation system*. Any dispute arising out of the interpretation or application of the award more than one-hundred and twenty (120) days after the effective date of the seniority integration shall be handled in the usual manner by the applicable Merger Committees up to and including the highest carrier official designated to handle such disputes, but failing to reach an adjustment in this manner, the dispute may be submitted by any part to the disputes to the adjustment board

O'MELVENY & MYERS LLP
Arbitrator Dana Eischen - June 2, 2014 - Page 3

*established by the designated representative of the combined craft or class and the single carrier* for final and binding resolution. (Emphasis added.)

Moreover, Frontier was not a separate party to the DRA, but was only a party in its then-role as a wholly-owned affiliate of RAH. Specifically, the carrier party to the DRA is "Republic Airways Holdings, Inc. (RAH), on behalf of itself and its wholly owned affiliates Republic Airline Inc., Chautauqua Airlines, Inc. and Shuttle American Corp. (hereinafter collectively, 'Republic'), Midwest Airlines, Inc., Frontier Airlines, Inc. and Lynx Aviation, Inc. (RAH and its affiliates together one 'party' under this Agreement)[.]"

Like the DRA, the Award, by its express terms, also confirms that it only applies to the carriers who are part of the RAH single transportation system, and further confirms that the parties unanimously agreed that it would only apply to carriers who are part of the single transportation system—using Frontier as the example:

> The Award also expressly provides that the awarded seniority integration would still be implemented, with appropriate adjustments in the IMSL, if the NMB rules that fewer than all of the carriers are included in a single transportation system for the pilot craft or class. This comports with the unanimous agreement of the Parties, as expressly set forth in the written record. *For example, all Parties to the DRA agree that, if the NMB concludes that Frontier is not part of the Republic single transportation system for the pilot craft or class, the integration methodology of the Award will be applied with the Frontier pilots excluded.* Thus, the Award makes clear that this is the intended result in the event that the NMB so rules in the instant case. (Emphasis added.)

Accordingly, as a result of the NMB's March 31, 2014 single carrier ruling, the DRA and the Award by their express terms no longer apply to Frontier, and thus the Award cannot be construed to compel Frontier to offer and create a bid process for Republic pilots.

Moreover, in entering into the DRA, the parties did not agree to the arbitration of disputes regarding pilot seniority at Frontier if and when Frontier was deemed a separate carrier not part of the RAH single transportation system. Thus, any assertion that you have jurisdiction over Frontier past March 31, 2014 is not supportable, and would give rise to an issue of substantive arbitrability for decision by a court. *See*, *e.g.*, *AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 649 (1986).

Sincerely,

/s/ Robert A. Siegel
Robert A. Siegel
Counsel for Frontier Airlines