

BEIJING
BRUSSELS
CENTURY CITY
HONG KONG
JAKARTA†
LONDON
NEWPORT BEACH

400 South Hope Street
Los Angeles, California 90071-2899

TELEPHONE (213) 430-6000
FACSIMILE (213) 430-6407
www.omm.com

NEW YORK
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
SINGAPORE
TOKYO
WASHINGTON, D.C.

OUR FILE NUMBER
0288766

WRITER'S DIRECT DIAL
(213) 430-6005

WRITER'S E-MAIL ADDRESS
rsiegel@omm.com

**VIA EMAIL (deearb@gmail.com)**

June 17, 2014

Dana Edward Eischen
Arbitrator
P.O. Box 730
Spencer, NY 14883

Re:     *Frontier Airlines' Reply To The Parties' June 2, 2014 Submissions*

Dear Arbitrator Eischen:

On June 2, 2014, at your request, the parties submitted supplemental position statements addressing the impact of the NMB's March 31, 2014 finding that Frontier Airlines, Inc. ("Frontier") is operating as a separate transportation system (i.e., separate from the other airline certificates that are still under Republic Airways Holdings ("RAH")), and the NMB's May 1, 2014 notice authorizing a representation election. On June 3, 2014, the Midwest Pilot Merger Committee (the "MPMC") requested permission for the parties to file replies to those supplemental position statements. Following several e-mail exchanges regarding the request, and "without adopting or endorsing countervailing assertions" made in those e-mail exchanges, you agreed to accept replies. Frontier thus replies to the June 2, 2014 submissions of the MPMC and the RPMC.[1]

Following the parties' submission of supplemental position statements, on June 13, 2014, the NMB certified the Frontier Airline Pilots Association ("FAPA") as the exclusive bargaining representative of the craft or class of pilots at Frontier, effectively extinguishing the IBT's certification as to Frontier. The NMB's Certification, which includes the vote tally, is attached as Exhibit A.

As detailed in the June 2, 2014 submissions of Frontier, the FPMC, and Republic, the November 3, 2009 Dispute Resolution Agreement ("DRA") and your February 19, 2011 award ("Award"), by their terms, ceased to be effective as to Frontier and Frontier's pilots when, on March 31, 2014, Frontier became a separate carrier and was no longer an affiliate of RAH. *See*, *e.g.*, DRA § V.(g) ("The award … shall be final and binding on the parties to this Agreement and

---

[1] Frontier agrees with the June 2, 2014 submissions of the Frontier Pilots Merger Committee (the "FPMC") and Republic Airline Inc., Chautauqua Airlines, Inc., and Shuttle America Corp. (together "Republic").

† In association with Tumbuan & Partners

O'MELVENY & MYERS LLP
Arbitrator Dana Eischen - June 17, 2014 - Page 2

*on the pilots employed by RAH and its affiliates.* ); DRA § V.(j) ("The award of the arbitration … shall be considered as a part of the collective bargaining agreement(s) *applicable to the combined craft or class of Flight Deck Crew Members for the single transportation system*."); Award at 45 ("all Parties to the DRA agree that, *if the NMB concludes that Frontier is not part of the Republic single transportation system for the pilot craft or class, the integration methodology of the Award will be applied with the Frontier pilots excluded*."). (Emphasis added.)

Given that FAPA has now been certified as the exclusive bargaining representative of pilots at Frontier, it is even more clear that the DRA and the Award are no longer effective with regard to Frontier pilots, nor binding on Frontier per their own terms. In that regard, under Section V.h. of the DRA, the obligation to maintain the Merger Committees in existence extends only to "[t]he Organization, if any, designed by the NMB as the duly designated representative of the combined craft or class of flight Deck Crew Members for the single transportation system"—which no longer exists as to the Frontier and the Frontier pilots. And pursuant to Section V.j. of the DRA, the Award is to only to be considered part of "the collective bargaining agreement(s) applicable to the combined craft or class of Flight Deck Crew Members for the single transportation system"—which also no longer exists as to Frontier and the Frontier pilots. Accordingly, while the DRA and the Award could not be construed to compel Frontier to offer and create a bid process for Republic pilots as a result of the NMB's March 31, 2014 single carrier ruling, they certainly cannot be construed to do so following the NMB's certification of FAPA. The administration of seniority at Frontier is now entirely and solely within the scope of the bargaining relationship between Frontier and FAPA.

The contrary arguments by the MPMC and the RPMC in their June 2 submissions are plainly unsupportable. Indeed, it is inconceivable that the process of creating an IMSL for the RAH single transportation system was intended to be applicable to a separate carrier with no legal relationship to RAH, and whose pilots are represented by a different bargaining representative.

Following the certification of FAPA, you retain the authority to resolve the specific issues submitted in the November 26, 2013 Arbitration Agreement only with respect to the period of time in which your Award remained in effect as to Frontier. Under the terms of the DRA, however, the parties did not agree to the arbitration of any dispute regarding seniority at Frontier outside the context of an RAH single carrier including Frontier. And as detailed in Frontier and the FPMC's June 2, 2014 submissions, any assertion by the RMPC or the MPMC that you have continued jurisdiction over Frontier past the date of the NMB's separate carrier ruling is not supportable. Further, any dispute regarding your jurisdiction past that point would give rise to an issue of substantive arbitrability for decision by a court. *See, e.g., AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 649 (1986).

Frontier also cannot be compelled to offer and create a bid process for Republic pilots for all of the reasons set forth in the opening briefs of Frontier, Republic, and FPMC.

O'MELVENY & MYERS LLP
Arbitrator Dana Eischen - June 17, 2014 - Page 3

                    Sincerely,

                    /s/ Robert A. Siegel
                    Robert A. Siegel
                    Counsel for Frontier Airlines