# John O'B. Clarke Jr.

| | |
|---|---|
| **From:** | Siegel, Robert <rsiegel@omm.com> |
| **Sent:** | Wednesday, October 15, 2014 3:38 PM |
| **To:** | John O'B. Clarke Jr. |
| **Cc:** | kennedy@ask-attorneys.com; Siegel, Robert |
| **Subject:** | Grievance by Frontier Airlines Pilots (former Midwest pilots) |

John,

You continue to misunderstand the grievance process in Section 12 of the Frontier-FAPA CBA. As I have indicated in prior messages, under the language and past practice of Section 12, a pilot's lawyer is not permitted to initiate a dispute or process a grievance. The dispute must be initiated by the pilot not his/her lawyer, and the grievance must be processed by the certified union, FAPA. Adherence to this contractual procedure does not constitute interference with the contractual or the RLA rights of the pilots. Those rights are being fully protected by the union that has been exclusively certified by the National Mediation Board to represent all of the pilots employed by Frontier Airlines, including your clients. As you well know, FAPA is keeping you and the pilots fully apprised of the steps being taken by the union to process the grievances.

Accordingly, contrary to your below message, none of your communications to me or my client constitute valid steps to process a grievance under Section 12 of the CBA, and none of my reply communications to you constitute Frontier's responses to grievances.

Frontier is confident that the grievances have been and will be processed in accordance with all legal requirements.

-- Bob Siegel

---

**From:** John O'B. Clarke, Jr. [mailto:hmcjobc@att.net]
**Sent:** Wednesday, October 15, 2014 8:17 AM
**To:** Siegel, Robert
**Cc:** 'Wes Kennedy'; 'Carl Schwerman'; 'Robert Layman'; 'Don Till'; 'Gary Drska'; 'Daniel Norden'; 'MARK WARD'; mjburian44@yahoo.com; mannix782@aol.com
**Subject:** RE: Grievance By Five Former Midwest Pilots Employed by Frontier & MPMC Disputing Seniority Alteration

Bob:

Rule 4.2 of the Rules of Professional in most jurisdictions, including in Virginia and DC, provides that a lawyer who knows a person to be represented by another lawyer may not communicate with that person "unless the lawyer has the consent of the other lawyer [which I clearly do not have] *or is authorized to do so by law* or a court order." I am authorized by RLA § 2 Third to represent the five grievants and the MPMC in progressing their grievance since they have retained me for that purpose, and RLA § 2 Third prohibits Frontier from "in any way interfer[ing] with, influenc[ing], or coerc[ing] the other in its choice of representative." Here, the Frontier/FAPA CBA § 12.E.1.a. names the Frontier official to whom appeals are to be progressed and, thus, such a communication is authorized by law and Frontier's using Rule 4.2 to interfere with that representation violates the RLA.

I believe there are two ways around this impasse. First, I view your email of October 13, 2014 as being Frontier's denial, albeit on procedural grounds, of the First Level grievance I submitted on behalf of my clients on October 10, including on behalf of MPMC. Accordingly, I will read that email as indicating Frontier's willingness to treat communications between lawyers as being consistent with CBA § 12's naming of specific persons to whom appeals should be addressed and from

whom denials should be sent. Please let me know if Frontier will agree that it will not raise as a defense to the further processing of the seniority challenge the fact that you are the person to whom the appeal on behalf of my clients is made rather than the officer named in CBA § 12.E.1.a. Of course, any such agreement will not waive any other procedural defense Frontier may wish to raise, such as its claim that only FAPA may advance a grievance. Second, you could consent to my communication by email and letter to Ms. Peter, with a copy to you, of any such appeal, with all further communications about that appeal—including Frontier's denial of that appeal on procedural grounds--being conducted between counsel.

Since I have to progress the appeal to the Second Level by October 17, your prompt reply will be appreciated.

John Clarke

---

**From:** Siegel, Robert [mailto:rsiegel@omm.com]
**Sent:** Monday, October 13, 2014 1:24 AM
**To:** John Clarke
**Cc:** Wes Kennedy
**Subject:** RE: Grievance By Five Former Midwest Pilots Employed by Frontier & MPMC Disputing Seniority Alteration

John --

There is an outstanding legal dispute between our clients. Under the ethical rules, you are not permitted to communicate directly with my client in connection with this dispute. For the third time, I am asking you to refrain from doing so.

Thank you.

-- Bob

---

**From:** John Clarke [mailto:hmcjobc@att.net]
**Sent:** Friday, October 10, 2014 5:04 PM
**To:** Siegel, Robert
**Cc:** Wes Kennedy
**Subject:** Re: Grievance By Five Former Midwest Pilots Employed by Frontier & MPMC Disputing Seniority Alteration

Bob:

I do not believe that my letter to Ms. Peter, with a copy to you, violates the Rules of Professional Conduct. Section 12.D of the Frontier/FAPA CBA requires that the First-Level Grievance be filed with Ms. Peter--not Frontier's attorney. Since I assumed Frontier will look for any perceived procedural flaw to challenge a grievance from my clients, and your email to me shows that this assumption is correct, I concluded that the CBA requirements required a communication to Ms. Peter and the Rules were satisfied by a copy of that letter to you. The Rules of Professional Conduct do not preclude my clients from having a grievance being filed on their behalf by their attorney.

I will gladly send all future grievance invocations or required communications to you if Frontier will agree that it will not claim that such communications fail to satisfy the specific service requirements in the CBA.

John Clarke

Sent from my iPad

On Oct 10, 2014, at 6:11 PM, "Siegel, Robert" <rsiegel@omm.com> wrote:

2

John:

I requested you previously not to communicate directly with my client regarding this matter, given that you are permitted under applicable ethical rules to communicate only with me as counsel for Frontier. It is disturbing, to say the least, to see that you have ignored this request, in violation of those ethical rules. Once again, I am requesting that you not communicate directly with my client on this matter.

The letter you attached to your email reflects a fundamental misunderstanding of the dispute procedures under the Frontier-FAPA collective bargaining agreement ("CBA"). Neither the individual pilots nor the MPMC nor you have the contractual right to advance the dispute as a grievance. The certified union, FAPA, is the only entity that has such contractual right. I understand that Wes Kennedy, counsel for FAPA, has communicated to you regarding FAPA's intentions in that regard.

Frontier will fully comply with the procedures of the CBA if and when it receives a request to do so from FAPA.

Thank you.

-- Bob Siegel


**From:** John O'B. Clarke Jr. [mailto:jclarke@highsaw.com]
**Sent:** Friday, October 10, 2014 10:31 AM
**To:** jpeter@flyfrontier.com; Siegel, Robert
**Cc:** 'Wes Kennedy'; 'William R. Wilder'; 'Gary Drska'; 'Daniel Norden'; mannix782@aol.com; 'MARK WARD'; mjburian44@yahoo.com; 'Carl Schwerman'; 'Robert Layman'; 'Don Till'
**Subject:** Grievance By Five Former Midwest Pilots Employed by Frontier & MPMC Disputing Seniority Alteration

Dear Ms. Peter:

Attached is a letter that I am sending you this day to dispute through the Frontier/FAPA & RLA grievance process Frontier's decision to alter the IMSL awarded seniority of the former Midwest pilots employed at Frontier.

John O'B. Clarke, Jr.
Highsaw, Mahoney & Clarke, P.C.
4142 Evergreen Drive
Fairfax, Virginia 22032-1018
(202) 296-8500