UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MIDWEST PILOTS MERGER COMMITTEE, CARL SCHWERMAN, DONALD TILL, *and* MARK E. WARD, *Plaintiffs*, v. FRONTIER AIRLINES, INC. *and* FRONTIER AIRLINE PILOTS ASSOCIATION, *Defendants*. | Civil Action No. 2:14-cv-01441-RTR |

**MOTION BY PLAINTIFFS FOR LEAVE TO AMEND
THEIR COMPLAINT TO SUBSTITUTE A PLAINTIFF**

Plaintiffs Midwest Pilots Merger Committee (MPMC), Donald Till (a former Midwest Airlines pilot and an officer of the MPMC), Mark E. Ward (a former Midwest pilot flying for defendant Frontier Airlines), and Carl Schwerman respectfully request pursuant to Rule 15(a)(2), Fed. R. Civ. P., that Mr. Schwerman be permitted to withdraw from this litigation and that Craig A. Moffatt, in his capacity as Chairperson of plaintiff MPMC, be substituted as a plaintiff. Plaintiffs state as follows in support of this motion.

On November 14, 2014, plaintiffs filed their complaint in this proceeding, naming as one of the plaintiffs Carl Schwerman in his capacity as the Chairperson of plaintiff MPMC. Defendants have moved to dismiss that complaint pursuant to Rule 12(b), Fed. R. Civ. P., and plaintiff MPMC has cross-moved under Rule 56(a) for partial summary judgment on Count I requesting an order directing defendants to arbitrate certain minor disputes. The parties are currently briefing those motions.

After the complaint was filed, plaintiff Schwerman resigned from his employment as a pilot for the Republic Airways Holdings Inc. (RAH) single transportation system. As a result, he no longer holds seniority on the integrated seniority list that is involved in this litigation, and he is no longer an officer of plaintiff MPMC. Craig A. Moffatt, who is a pilot employed by an RAH affiliate and holds seniority on the integrated seniority list, has replaced Mr. Schwerman as the MPMC Chairperson. By this motion pursuant to Rule 15(a)(2), plaintiffs ask that their complaint be amended to substitute Mr. Moffatt as a plaintiff in his capacity as Chairperson of MPMC, and to permit Mr. Schwerman to withdraw from this litigation.

Mr. Schwerman, having resigned from his employment with RAH and its affiliates, no longer has a justiciable interest in this litigation, which seeks in Count I prospective equitable relief for MPMC and its constituents; he therefore seeks to withdraw from this case. But Mr. Moffatt, as a pilot holding seniority on the integrated seniority list and as the new MPMC Chairperson, has a justiciable interest in this litigation, and, thus, standing to participate. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).[1] Accordingly, plaintiffs ask that their complaint be amended to substitute Mr. Moffatt in lieu of Mr. Schwerman as a plaintiff.

---

[1] As the Court explained in *Lujan*, 504 U.S. at 560 (citations omitted):
> Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) "actual or imminent, not 'conjectural' or 'hypothetical,' " . . . . Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." . . . Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." . . .

Plaintiffs submit that this motion does not enlarge or expand the claims or the requests for relief in the complaint; it simply reflects a substitution of parties to replace a former MPMC officer with the new incumbent of that office. *See*, Rule 25(d), Fed. R. Civ. P. (providing for substitution of public officials when replaced by successor). Plaintiffs are lodging with this motion their proposed Amended Complaint to reflect this substitution.

Counsel for plaintiffs has informed counsel for defendants that this motion would be made and has been informed that defendant Frontier Airline Pilots Association will oppose this motion. Plaintiffs have not received a response from defendant Frontier as to its position on this motion.

**WHEREFORE**, plaintiffs respectfully request pursuant to Rule 15(a)(2), Fed. R. Civ. P., that they be permitted to amend their complaint so as to substitute Craig A. Moffatt, in his capacity as MPMC Chairperson, and to allow Carl Schwerman to withdraw as a plaintiff in the litigation. They further request that the Clerk of this Court be directed to file the lodged Amended Complaint.

Respectfully Submitted,

/s/ John O'B. Clarke, Jr.
John O'B. Clarke, Jr.
HIGHSAW, MAHONEY & CLARKE, P.C.
4142 Evergreen Drive
Fairfax, VA 22032-1018
Phone: (202) 296-8500
Email: jclarke@highsaw.com

Date: February 21, 2015                Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that I have this 21st day of February, 2015 caused the foregoing Motion For Leave To Amend to be served upon counsel for defendants through the Court's Electronic Filing System.

                                            /s/ John O'B. Clarke, Jr.
                                            John O'B. Clarke, Jr.