IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
_____

Midwest Pilots Merger Committee, et al.,

        Plaintiffs,

  v.                                         Case No. 2:14-CV-01441-RTR

Frontier Airlines, Inc. and Frontier Airline
Pilots Association,

        Defendants.
_____

### MEMORANDUM OF LAW OF DEFENDANT FRONTIER AIRLINE PILOTS ASSOCIATION IN OPPOSITION TO MOTION BY PLAINTIFFS FOR LEAVE TO AMEND THEIR COMPLAINT TO SUBSTITUTE A PLAINTIFF

Defendant Frontier Airline Pilots Association ("FAPA"), by its undersigned counsel, hereby responds in opposition to the Motion by Plaintiffs for Leave to Amend Their Complaint to Substitute a Plaintiff (Docket # 28)("Motion"), as follows.

In their motion, plaintiffs seek to substitute Craig Moffat as a plaintiff for plaintiff Carl Schwerman. Currently pending are motions to dismiss by FAPA and defendant Frontier Airlines, Inc. ("Frontier")(Dockets ##13, 16).[1] As set forth in those motions, FAPA and Frontier contend, *inter alia*, that a November 3, 2009 Dispute Resolution Agreement (the "DRA"), which plaintiffs contend applies to the underlying minor dispute, does not apply to Frontier as a separate carrier under the Railway Labor Act ("RLA"), or to FAPA as the bargaining representative of the separate Frontier pilot craft or class at that carrier; and that the exclusive forum for that underlying minor

---

[1] Also pending is plaintiffs motion for partial summary judgment (Docket # 21). Defendants' responses to the motion for partial summary judgment and replies in support of the motions to dismiss are due on March 31, 2015.

1

dispute is the contractual System Board of Adjustment under the Frontier/FAPA collective bargaining agreement, under which FAPA has processed grievances on behalf of the affected Frontier Pilots who were formerly Midwest pilots. The other pending motions would dispose of the Complaint. Until those dispositive motions are ruled on, it would pre premature to consider the present Motion, which would be mooted by a ruling granting the dispositive motions.[2]

For the foregoing reasons, the Motion should be denied.

Respectfully submitted,

Wesley Kennedy
Ryan M. Thoma

By: /s/ Wesley G. Kennedy

Wesley Kennedy
Illinois Bar Number: 6188089
Allison, Slutsky & Kennedy, P.C.
230 West Monroe Street
Suite 2600
Chicago, Illinois 60606
Telephone: (312) 364-9400
Facsimile: (312) 364-9410

March 14, 2015                    E-mail: kennedy@ask-attorneys.com

---

[2] The underlying minor dispute relates to the administration of seniority at Frontier among pilots employed by Frontier. Proposed substitute plaintiff Moffat is not now an employee of Frontier. Since it is undisputed that Frontier has no obligation to offer employment to pilots who are (like Moffat) currently employed by the carriers affiliated with Republic Airways Holdings, Inc. (see MPMC Exh. 3, Docket # 1-1, at 22 *et seq.* [Award of Arbitrator Dana E. Eischen, September 12, 2014]), there is no prospect that Moffat will become a Frontier employee in the future. As such, there is no basis on which he can assert a claim as an individual in this matter. (FAPA Memorandum in Support of Motion to Dismiss [Docket # 14], at 23. n.9.)

And, insofar as Moffat is the chairman of a supposed "Midwest Pilots Merger Committee," there is no need to name Moffat as an individual plaintiff independent of the entity, which is already a named plaintiff.

2

## CERTIFICATE OF SERVICE

       The undersigned certifies that, on March14, 2015, a true and correct copy of foregoing Memorandum of Law of Defendant Frontier Airline Pilots Association in Opposition to Motion by Plaintiffs for Leave to Amend Their Complaint to Substitute a Plaintiff was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this matter.

                          /s/ Wesley G. Kennedy

                          Counsel for Defendant Frontier Airline
                          Pilots Association