UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MIDWEST PILOTS MERGER COMMITTEE, CARL SCHWERMAN, DONALD TILL, *and* MARK E. WARD, *Plaintiffs*, <br><br> *v.* <br><br> FRONTIER AIRLINES, INC. *and* FRONTIER AIRLINE PILOTS ASSOCIATION, *Defendants*. | Civil Action No. 2:14-cv-01441-RTR |

**REPLY OF PLAINTIFFS TO FAPA'S OPPOSITION TO
MOTION BY PLAINTIFFS FOR LEAVE TO AMEND
THEIR COMPLAINT TO SUBSTITUTE A PLAINTIFF**

On March 14, 2015, defendant Frontier Airline Pilots Association (FAPA) filed an opposition to plaintiffs' motion pursuant to Rule 15(a)(2), Fed. R. Civ. P., requesting that plaintiff Carl Schwerman be permitted to withdraw from this litigation and that Craig A. Moffatt be substituted as a plaintiff in his capacity as Chairperson of plaintiff Midwest Pilots Merger Committee (MPMC). Although plaintiffs submit that there is no need to respond to FAPA's argument that plaintiffs' motion is premature, since this Court has the unfettered discretion to consider this motion when it deems it most appropriate to do so, FAPA makes one argument in a footnote to which plaintiffs believe a response should be made so that there is no misunderstanding as to its position in this litigation or as to the scope of the relief requested.

In footnote 2 on page 2 of its opposition, FAPA essentially challenges Mr. Moffatt's standing to participate in this litigation. Part of its argument is that, as a result of Arbitrator

Eischen's ruling of September 12, 2014 (MPMC Ex. 3), "Frontier has no obligation to offer employment to pilots who are (like Moffatt) currently employed by the carriers affiliated with Republic Airways Holdings, Inc. . . . ." FAPA Opp. at 2, n. 2. Plaintiffs do not dispute that reading of the Arbitrator's September 12, 2015 ruling. FAPA, however, goes further and asserts that "there is no prospect that Moffatt will become a Frontier employee in the future . . . [and, as] such, there is no basis on which he can assert a claim as an individual in this matter." *Id.* While Mr. Moffatt is not asserting a claim in this litigation in his individual capacity, he nevertheless has standing to do so both in his individual capacity and, as he is doing, in his capacity as Chairperson of MPMC for similarly situated pilots.

What FAPA so cavalierly dismisses in footnote 2 is that Eischen had previously ruled in October 2011 (MPMC Ex. 2) that the integrated seniority list applied to each carrier in the Republic Airways Holdings (RAH) family at that time–including Frontier. Nothing in his September 12, 2014 award reversed that earlier ruling. Plaintiffs submit that the two awards–*i.e.*, MPMC Ex. 2 and MPMC Ex. 3–show that Mr. Moffatt and other RAH-family pilots still hold seniority at Frontier as a result of the Seniority Integration Award (MPMC Ex. 2 at 14, ¶ 3), but that they need some mechanism to be able to cross over to Frontier's employ before they can exercise their integrated seniority at Frontier. MPMC Ex. 3 at 22 ("The IMSL Award, *per se*, does not and could not provide a mechanism for Republic pilots to bid for and be awarded Frontier pilot vacancies"). That mechanism can be a multi-party agreement providing for cross-overs between RAH subsidiaries and Frontier *or*, as occurred with the eight Midwest pilots in 2011, Frontier hiring pilots who hold seniority on the IMSL.

FAPA disagrees with plaintiffs' reliance on the relevant awards, for it contends that the IMSL Award is no longer applicable at Frontier. Plaintiffs dispute that contention. But more to the

-2-

Case 2:14-cv-01441-RTR   Filed 03/16/15   Page 2 of 3   Document 30

point, that disagreement, plaintiffs submit, is one to be resolved according to the dispute resolution procedures established by the November 3, 2009 Dispute Resolution Agreement, as this litigation seeks to require. Mr. Moffatt, thus, has standing to seek that relief to address what FAPA's footnote 2 shows is a very real injury in fact to him and similarly situated former Midwest pilots. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

## CONCLUSION

For the reasons set forth in plaintiffs' motion to amend and herein, Mr. Schwerman should be permitted to withdraw as a plaintiff and Mr. Moffatt should be substituted in his stead as a plaintiff.

Respectfully Submitted,

/s/ John O'B. Clarke, Jr.
John O'B. Clarke, Jr.
HIGHSAW, MAHONEY & CLARKE, P.C.
4142 Evergreen Drive
Fairfax, VA 22032-1018
Phone: (202) 296-8500
Email: jclarke@highsaw.com

Date: March 16, 2015               Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that I have this 16th day of March 2015 caused the foregoing Reply To FAPA's Opposition To Motion By Plaintiffs For Leave To Amend to be served upon counsel for defendants through the Court's Electronic Filing System.

/s/ John O'B. Clarke, Jr.
John O'B. Clarke, Jr.